IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RONALD WAYNE THOMPSON, § | | |
| TDCJ No. 01648728, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | EP-18-CV-263-PRM |
| § | | |
| LORIE DAVIS, § | | |
| Director, Texas Department of § | | |
| Criminal Justice, Correctional § | | |
| Institutions Division, § | | |
|     Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Petitioner Ronald Wayne Thompson's [hereinafter "Petitioner"] pro se "Petition for a Writ of Habeas Corpus by a Person in State Custody" pursuant to 28 U.S.C. § 2254 (ECF No. 1)[1] [hereinafter "Petition"], filed on September 10, 2018, in the above captioned cause. Therein, Petitioner challenges Respondent Lorie Davis's [hereinafter "Respondent"] custody over him based on his guilty-plea conviction for murder, enhanced, in Cause Number 20080D00241 in the 210th Judicial District Court in El Paso

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-18-CV-263-PRM. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

County, Texas. The Court also considered Respondent's "Answer with Brief in Support" (ECF No. 16) [hereinafter "Answer"] and the state court records each filed on January 8, 2019 (ECF Nos. 11–15). Therein, Respondent argues that the Court should dismiss the Petition because the claims are time-barred.

After due consideration, having reviewed the Petition, Answer, and state court records, the Court is of the opinion that Petitioner's claims are time-barred and that Petitioner is not entitled to equitable tolling, for the reasons that follow. Accordingly, the Court will deny the Petition and dismiss this cause with prejudice. Additionally, the Court will deny Petitioner a certificate of appealability.

## I. BACKGROUND AND PROCEDURAL HISTORY

On January 23, 2008, Petitioner was indicted by a grand jury for capital murder. Clerk's R. 5 (Indictment), Jan. 8, 2019, ECF No. 15-2. Subsequently, he pleaded guilty to the lesser included offense of murder as part of a plea agreement with the State. *Id.* at 40 (Mem. in Supp. of State Writ, July 12, 2017); Supp. Clerk's R. 6–12 (Plea Agreement, May 19, 2010), Jan. 8, 2019, ECF No. 13-1. Petitioner did not object to the following summary of the facts presented by the prosecutor during his

plea hearing:

> If this case were to have proceeded to trial, the State would have proven beyond a reasonable doubt that on or about the 31st day of July, 2007, in the County of El Paso, State of Texas, Ronald Thompson, hereinafter referred to as defendant, did then and there intentionally cause the death of an individual, namely Haley Chan, by striking Haley Chan about, the head . . . [w]ith . . . [a] board.

Reporter's R. 15−16 (Plea Tr., May 19, 2010), Jan. 8, 2019, ECF No. 12-1. In addition, Petitioner pleaded guilty to two enhancements. Clerk's R. 6 (J. of Conviction – Waiver of Jury Trial, May 19, 2010), Jan. 8, 2019, ECF No. 15-2. On May 19, 2010, he was sentenced to forty years in the Texas Department of Criminal Justice. *Id*. Petitioner did not appeal.

On July 12, 2017, Petitioner filed a state writ application. *Id*. at 22−39 (State Appl. For Writ of Habeas Corpus, July 12, 2017). Therein, Petitioner made two claims. First, he asserted that his plea was unlawfully induced. *Id*. at 27. Second, he asserted that his attorneys provided ineffective assistance when they failed to reveal to the trial court that he was diagnosed with bipolar disorder, was mentally retarded, and was heavily medicated with psychotropic drugs. *Id*. at 29. On December 5, 2017, the Texas Court of Criminal Appeals

denied Petitioner's application without written order. Clerk's R. 1 (Action Taken), Jan. 8, 2019, ECF No. 11-1.

In his federal Petition, Petitioner now claims that he "was heavily medicated for bipolar disorder, schizophrenia, and depression . . . with adverse side effects that made it impossible for [him] to understand what was going on at the time of trial." Pet'r's Pet. 6, Sept. 10, 2018, ECF No. 1. Hence, he argues, his plea was involuntary. *Id.* In addition, Petitioner claims that his trial counsel rendered ineffective assistance by telling him to lie to the trial court about his mental health and medications, advising him that he would receive a death sentence if he did not accept the plea deal, and failing to request a competency hearing prior to his plea. *Id.* For the above reasons, Petitioner asks the Court to "set aside the guilty plea." Mem. in Supp. 4, Sept. 10, 2018, ECF No. 1-1.

## II. APPLICABLE LAW

Claims pursuant to § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four different events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the

State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* §§ 2244(d)(1)(A)–(D).

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . [including] the time limits upon its delivery." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

Additionally, the limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, equitable tolling is not available for "garden variety claims of excusable neglect." *Lookingbill v. Cockrell*, 293 F.3d 256, 264

(5th Cir. 2002) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). It is justified only "in rare and exceptional circumstances." *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations where a petitioner is actively misled by the respondent, "or is prevented in some extraordinary way from asserting his rights." *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Moreover, "[e]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Rather, "[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906−07 (5th Cir. 1992)). Furthermore, a petitioner has the burden of proving his entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). To satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some

6

extraordinary circumstance stood in his way" of timely filing his § 2254 motion. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## III. ANALYSIS

Here, Petitioner maintains that his Petition, dated August 21, 2018, challenging his conviction, entered on May 19, 2010, is timely. Pet'r's Pet. 9, Sept. 10, 2018, ECF No. 1. Specifically, he blames his attorney for his delay in filing, alleging that it took four years for his attorney to send him his trial file. *Id.* Petitioner claims that the file contained "new evidence pertaining to a bipolar disorder diagnosis, and [the] medication prescribed [by] the doctor." *Id.* Hence, according to Petitioner, "everything was filed on the date in which the factual predicate of the claim or claims presented could have been discovered thr[ough] the exercise of due diligence." *Id.*

Petitioner suggests that the delay in receiving his trial file from his attorney was due to a state-created impediment requiring a later starting date for the one-year limitations period. 28 U.S.C. § 2244(d)(1)(B). "To establish a state-created impediment, 'the

prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law.'" *Madden v. Thaler*, 521 F. App'x 316, 320 (5th Cir. 2013) (quoting *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003)). "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor . . . ." *Cf. Polk Cty. v. Dodson*, 454 U.S. 312, 318–19 (1981) (describing the role of an attorney in a proceeding on a civil rights complaint pursuant to 42 U.S.C. § 1983). Thus, Petitioner cannot show a "state-created impediment" caused the delay in filing his Petition.

In addition, Petitioner contends that the file contained new evidence concerning his mental health requiring a later starting date for the one-year limitations period. 28 U.S.C. § 2244(d)(1)(D). Such evidence would arguably support Petitioner's claim that he entered his plea without understanding the nature of the charge or the consequences of his plea. However, "[e]vidence does not qualify as 'new' . . . if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018), *cert. denied*, No. 18-940, 2019 WL 266857 (U.S.

8

June 17, 2019). Presumably, evidence in the attorney's trial file was always within Petitioner's reach. Further, a petitioner cannot extend the limitations period while he searches for additional evidence to support his claims. *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) ("[Petitioner] is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim. . . . Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, in this case more than seven years, while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim."); *see also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("[T]he time commences when the factual predicate 'could have been discovered through the exercise of due diligence,' not when it was actually discovered by a given prisoner," or "when the prisoner recognizes [the] legal significance [of important facts]."). Thus, Petitioner cannot establish the limitations period runs from the date he received a copy of his trial file from his attorney.

Furthermore, Petitioner does not contend that he relies on the "the date on which the constitutional right asserted was initially

recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). As a result, Petitioner's conviction finality governs the timeliness of his Petition. 28 U.S.C. § 2244(d)(1)(A). Petitioner did not appeal his conviction. Pet'r's Pet. 3, Sept. 10, 2018, ECF No. 1. Therefore, his conviction became final on June 18, 2010, thirty days after his sentencing, when his time to appeal expired. *See Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003) (explaining finality is determined by the expiration of the time for filing further appeals); Tex. R. App. P. 26.2(a)(1), 4.1(a). For this reason, the one-year limitation period for filing a federal petition expired one year later, on June 18, 2011, absent tolling. 28 U.S.C. § 2244(d)(1)(A).

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). In this case, however, Petitioner's state habeas application failed to toll the limitations period because, by the time he filed it on July 12, 2017, the

federal limitations period had already expired. Clerk's R. 38 (State App. for Writ of Habeas Corpus, July 12, 2017), Jan. 8, 2019, ECF No. 15-2. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that a state habeas application filed after the expiration of the limitations period has no tolling effect). Accordingly, the instant Petition, filed on August 21, 2018, is over seven years late. Therefore, the Petition is time-barred.

Of course, the statute of limitations is subject to equitable tolling. *Holland*, 560 U.S. at 645. However, a federal habeas petitioner is entitled to equitable tolling only if he shows that he diligently pursued his rights and that some extraordinary circumstance prevented timely filing. *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (citing *Holland*, 560 U.S. at 649). Although the Fifth Circuit Court of Appeals permits equitable tolling in certain cases, it requires a finding of "exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

The Fifth Circuit has consistently found no exceptional circumstances even in cases where petitioners faced non-routine

logistical hurdles in submitting timely habeas applications. *See Fisher*, 174 F.3d at 710; *Cantu-Tzin v. Johnson,* 162 F.3d 295, 297 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and that "excusable neglect" does not support equitable tolling. *Coleman*, 184 F.3d at 402.

In this case, Petitioner does not claim that he was actively misled by the State. He waited over a year and a half after he received the trial file before he submitted a state habeas application. Once the Court of Criminal Appeals denied Petitioner's state habeas application, he waited an additional eight months before he filed his federal Petition. Thus, the delay in receiving the trial file did not cause untimely filing; Petitioner's own delay caused the untimely filing. Furthermore, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Cousin*, 310 F.3d at 849). Indeed, Petitioner has not met his burden of showing that he has

been pursuing his rights diligently and that some extraordinary circumstance stood in his way of timely filing his Petition. Accordingly, Petitioner is not entitled to equitable tolling.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). Although Petitioner has not yet filed a notice of appeal, the Court must nonetheless address whether he is entitled to a certificate of appealability. *See* 28 U.S.C. foll. § 2254 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012). In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To

13

warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, Petitioner is not entitled to a certificate of appealability because jurists of reason would not debate the Court's conclusion that his claims are time-barred and that he is not entitled to equitable tolling.

## V. CONCLUSION AND ORDERS

In sum, after carefully reviewing the Petition, Answer, and record, the Court determines that Petitioner's claims are time-barred and that he is not entitled to equitable tolling. Therefore, the Court concludes that Petitioner is not entitled § 2254 relief. Furthermore, the Court concludes that Petitioner is not entitled to a certificate of appealability.

Accordingly, **IT IS ORDERED** that Petitioner Ronald Wayne Thompson's pro se "Petition for a Writ of Habeas Corpus by a Person in State Custody" pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED**,

and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner Ronald Wayne Thompson is **DENIED** a **CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**FINALLY, IT IS ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** this **25th day** of **July, 2019**.

_____
**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**